**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL C. DAY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 08 C 6147 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| DES PLAINES SCHOOL DISTRICT 62, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Michael Day filed an amended complaint against Des Plaines School District 62 ("the District"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e-2 *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621 *et seq*. The District filed a motion to dismiss the complaint. The District attached a copy of Day's online application as Exhibit A to its motion. Day filed a motion to strike Exhibit A, which this court denied. Instead, the court converted the District's motion to dismiss to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The court now concludes that it improvidently converted the motion to dismiss to one for summary judgment and instead should have granted Day's motion to strike. Thus, the District's motion will be treated as a motion to dismiss and Exhibit A will not be considered in deciding this motion. For the following reasons, the District's motion [# 12] is denied.

## BACKGROUND

The following facts are taken from Day's amended complaint and are presumed true for the purpose of resolving the pending motions. Day, an African-American male, has a master's degree in physics and three years of experience teaching math. In approximately April 2007, the District announced that it was accepting applications for a vacant math teaching position at Chippewa Middle School ("Chippewa"). In May 2007, Day submitted an online application for this position and any other vacant math or science teaching position. He also sent the District his resume, three references, and relevant college transcripts. Listed on his application was his attendance at Olive-Harvey College and one of the transcripts submitted was from Tennessee State University. Both schools have predominantly African-American student bodies. Day's zip code was also listed on the application.

Day was not even contacted for any position. In November 2007, Day learned through a Freedom of Information Act request that the position at Chippewa had been filled. From a review of public salary information, Day inferred that the position was filled by someone with less experience than he has. He also determined from publicly available information that the District does not employ any African-American teachers. Day claims that, from the information he submitted to the District, the District determined that he was African-American or "extremely likely" to be African-American and so decided on this basis not to hire him.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). For the purposes of a

Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). Factual allegations must, however, be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, at 235-36 (3d ed. 2004)); *see also Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("*Twombly* expounded the pleading standard for all civil actions.") (citations omitted) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

## DISCUSSION

Day appears to be making claims under Title VII, § 1981, § 1983, and the ADEA. The District challenges Day's complaint solely on the grounds that Day has not pled sufficient facts to raise a plausible inference that the District had knowledge of his race. As Day is proceeding *pro se*, in determining whether he has stated a claim, the court must liberally construe his complaint. *See Haines* v. *Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *McCormick* v. *City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000) ("[A] *pro se* civil rights complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief.").

**I.      Title VII Claim**

In order to state a *prima facie* claim for race discrimination under Title VII, Day must allege that (1) he was a member of a protected group; (2) he applied for, and was qualified for, a position he sought; (3) he did not receive the position; and (4) the position was given to a similarly situated person outside the protected group who was similarly or less qualified than he. *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802 (1973); *Jackson* v. *City of Chi.*, 552 F.3d 619, 622 (7th Cir. 2009). Once this *prima facie* case is satisfied, the burden shifts to the defendant, who must provide a non-discriminatory explanation for why the defendant was not hired. *McDonnell Douglas,* 411 U.S. at 804. The plaintiff then has the burden to prove that the plaintiff's explanation is pretextual. *Id.* At this stage, the court must only determine whether Day has sufficiently alleged a *prima facie* case of discrimination.

The District argues that Day has not sufficiently stated a *prima facie* case because he has not alleged that the District knew he was a member of a protected group. Day, however, has alleged that he listed attendance at a traditionally black college and included a transcript from another one. He also suggests that his zip code could have been used by the District to determine his race. Construing Day's *pro se* complaint liberally, these allegations, taken together, are enough to create a reasonable inference that the District was aware that he was a member of a protected group. Therefore, the District's motion to dismiss Day's Title VII claim will be denied.

**II.     Section 1981 and 1983 Claims**

Section 1981 prohibits, among other things, race discrimination that interferes with the making of a contract or the conditions of a contractual relationship. 42 U.S.C. § 1981. To state a

§ 1981 claim, Day must allege that (1) he is a member of a racial minority, (2) the District intentionally discriminated against him on the basis of race, and (3) the discrimination related to the making of a contract. *Morris* v. *Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

Where a party's rights under the Constitution or federal law are violated by someone who is acting under color of state law, the party can enforce his rights against the violator through § 1983. 42 U.S.C. § 1983. Construing Day's § 1983 claim as an equal protection claim of disparate treatment based on membership in a protected class, he must allege that (1) he is a member of a protected class, (2) he was similarly situated to others not of the protected class, (3) he was treated differently from the similarly-situated individuals, and (4) the District acted with discriminatory intent. *Johnson* v. *City of Ft. Wayne*, 91 F.3d 922, 944-45 (7th Cir. 1996).

Further, in alleging that the District violated his rights under both § 1981 and § 1983, Day need allege that "(1) the [District] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [District] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) [Day's] constitutional injury was caused by a person with final policymaking authority." *McCormick*, 230 F.3d at 324.

As already noted, the District only challenges whether Day has sufficiently alleged that the District had knowledge of his race so as to be liable for intentional discrimination.[1] In addition to the allegations relied on for his Title VII claim, Day has also alleged that white

---

[1] The District has not challenged whether Day has sufficiently alleged the other elements of a claim under § 1981 or § 1983 and the court will not construct these legal arguments for it. *See United States* v. *Hook*, 195 F.3d 299 (7th Cir. 1999) ("A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim, for it is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted) (internal quotation marks omitted).

school districts, such as the District, use elaborate means, such as screening by zip code, to avoid hiring nonwhites and that the District employs no African-Americans in spite of being in an area with an African-American population. These allegations, particularly the lack of any African-American employees in the District, are sufficient to raise a plausible inference of intentional discrimination by the District. Thus, the District's motion to dismiss Day's § 1981 and § 1983 claims will be denied.

### III.     ADEA Claim

To the extent Day has attempted to allege a claim under the ADEA, such claim is dismissed. Day has not pled any facts from which the court could infer that the District discriminated against him on the basis of his age. Further, because his EEOC charge did not contain any allegation of age discrimination, he cannot attempt to make out such a claim without having first exhausted his administrative remedies. *See Noreuil* v. *Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996) (actions alleging violations of the ADEA "are cognizable only if they are 'like or reasonably related to the allegations of the charge and growing out of such allegations'") (quoting *Steffen* v. *Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988).

### **CONCLUSION AND ORDER**

For the foregoing reasons, the District's motion to dismiss [#12] is denied. Day's claim under the ADEA is dismissed. The District has fourteen days to answer the complaint.

Dated: February 26, 2010            Enter: _____

                                                                    JOAN HUMPHREY LEFKOW
                                                                    United States District Judge