**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL C. DAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 08 C 6147 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| **DES PLAINES SCHOOL DISTRICT 62,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Michael Day filed an amended complaint against Des Plaines School District 62 ("the District"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e-2 *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1] Before the court is the District's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion [#82] is granted.

### BACKGROUND[2]

Day, an African-American male, has a master's degree in physics and three years of experience teaching math. In June 2007, he submitted an online application for a position with the District as a math teacher for grades six through eight.[3] The application listed his prior teaching experience, which included short term positions as a substitute and reading teacher and

---

[1] The court dismissed Day's Age Discrimination in Employment Act claim in its February 26, 2010 opinion and order.

[2] The facts set forth in this section are derived from the statements of fact and supporting documents submitted by the parties to the extent they are relevant and comport with Local Rule 56.1, as discussed in more detail below. They are taken in the light most favorable to Day, the nonmovant.

[3] Day claims that he applied for other positions as well, but his application does not indicate this to be the case. Even taking into consideration the fact that he may have sought other positions within the District at the time of his June 2007 application, the outcome of this motion would be the same.

three years as a full time high school math teacher with the Chicago Public Schools. His last employment as a full time math teacher ended in June 1987. On the application, he listed having attended Olive-Harvey College, the University of Illinois (from which he obtained his bachelor's degree), and Northeastern Illinois University (from which he obtained his master's degree). Day gave one-sentence answers to questions about his reasons for wanting the position and his approach to teaching. His application contained numerous spelling and typographic errors. For example, Day wrote "I taught them how to emjoy reading," Ex. B to Def.'s Stmt. of Facts at MDAY00022, and "I decided not to teacher at that time," *id.* at MDAY0023. The application did not ask for Day's race, and his race was nowhere identified in the application.[4]

Day also sent the principal of Chippewa Middle School, a school in the District, a cover letter with two reference letters, a college transcript, and an evaluation of his performance as a substitute teacher at Lane Tech from 1984 to 1985. This letter contained a grammatical error, stating "I know things will pleasant there." Ex. D to Def.'s Stmt. of Facts. Additionally, Day had typed "Sincerely Your" and then added, in his handwriting, an "s" to the end of "Your." *Id.*

Day was not contacted for the math teacher opening. John Swanson, the principal at Algonquin Middle School, another school in the District, states that he reviewed Day's application but had no other contact with Day. Swanson, who as principal decided which candidates to consider and interview for open positions, decided not to interview Day due to the grammatical and typographical errors contained in the application. Swanson bases his decisions

---

[4] Day's speculation that the application the District has produced is not complete is merely that and will not be credited. There is no admissible evidence that the online application included a question asking the applicant to identify his or her race.

as to who to interview on several factors, including "whether his or her application contains proper grammar and is generally well written" and "the applicant's qualifications relevant to the teaching position." Ex. C to Def.'s Stmt. of Facts ¶ 3. In determining an applicant's qualifications, Swanson looks for "(1) appropriate endorsements reflecting that the applicant is certified to teach in the subject area for which he or she is applying; and (2) successful completion of a student teaching assignment in the relevant subject area or prior experience demonstrating a successful history of teaching in the subject area applied for and preferably in the grade range applied for." *Id.* ¶ 4. Swanson states that he came to the conclusion that Day "was not an appropriate candidate because he had obviously not spent the required time to make his application materials professional and free of mistakes. Day's application materials did not reflect a candidate with the qualities I look for in a teacher." *Id.* At the time he decided not to interview Day, Swanson was not aware of Day's race.

Although Day has not identified the individual who was hired for the math position he applied for, he provides several applications for teachers hired by the District around the time he applied.[5] Although Day does not identify the race of these hires or the positions for which they were hired, it is clear that they were not African-American, as the District admitted that it did not hire any African-American teachers in 2007 or 2008. The applications of the hired teachers submitted to the court are more complete and detailed than Day's.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

---

[5] The District similarly has not come forth with the individual's name.

56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the nonmoving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia*, 216 F.3d at 598–99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

### I. Compliance with Local Rule 56.1

Before reaching the merits of the District's motion for summary judgment, the court will address certain deficiencies in the parties' Local Rule 56.1 statements. Local Rule 56.1(a) requires the party seeking summary judgment to submit, among other things, a statement of material facts, which consists of short, numbered paragraphs and specific references within each paragraph to the affidavits, parts of the record, and other admissible evidence relied on to support the facts set forth in each paragraph. L.R. 56.1(a)(3). The nonmoving party must then

submit a concise response to the movant's statement of facts. L.R. 56.1(b)(3)(B). Material facts improperly denied by the nonmoving party are deemed admitted by the court. *Id.* In addition, the nonmoving party must submit a separate statement of any additional facts that require denial of the motion for summary judgment. L.R. 56.1(b)(3)(C). The statement of additional facts must include references to the affidavits, parts of the record, and other admissible evidence relied upon. *Id.* Local Rule 56.1 further provides that '[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* "Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in a manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion." *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Although Day is a *pro se* plaintiff and the court must construe *pro se* pleadings liberally, *McGee* v. *Bartow*, 593 F.3d 556, 566–67 (7th Cir. 2010), his *pro se* status does not absolve him from complying with Local Rule 56.1. *See Greer* v. *Bd. of Educ. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). Day's response to the District's statement of facts and his statement of additional facts are nearly incomprehensible and, in many respects, do not comply with Local Rule 56.1. The District's responses to Day's additional statement of facts also do not comply with Local Rule 56.1, as they provide only general denials with no specific references to the record to support these denials. *See Smith*, 321 F.3d at 683 ("[A] mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material."). But because Day's statements do not all comply with Local Rule 56.1, only those supported by admissible evidence – namely those facts within Day's personal knowledge that he

5

could testify to at trial or that could be established by properly authenticated documents – will be considered admitted. Thus, the court has included in the background section only those facts that are appropriately presented, supported, and relevant to the resolution of this motion.

## II.     Title VII Claim

Day may establish race discrimination under Title VII using the direct or indirect method of proof. *Scaife* v. *Cook County*, 446 F.3d 735, 739 (7th Cir. 2006) (citing *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 36 L. Ed. 2d. 688 (1973)). Day admits that he does not have direct evidence of race discrimination, so he must proceed under the indirect method. Under the indirect method, Day bears the initial burden of producing evidence to sustain a *prima facie* case. To establish a *prima facie* case of race discrimination, Day must demonstrate that (1) he is a member of a protected class; (2) he applied for and was qualified for an open position; (3) he was not selected for the position; and (4) the position was filled by someone outside his protected class who had similar or lesser qualifications. *Grigsby* v. *LaHood*, 628 F.3d 354, 358 (7th Cir. 2010). If he meets this burden, the District must then articulate a legitimate, nondiscriminatory reason for its action. *Id.* at 359. If the District offers a legitimate, nondiscriminatory reason, the burden shifts back to Day to show that the reason proffered by the District was a pretext for discrimination. *Id.*

The District argues that Day has failed to establish the second and fourth elements of the *prima facie* case. Relying on Swanson's affidavit, the District claims that an applicant is not qualified if he or she does not submit a well written, grammatically correct, and professional application and that Day's application did not meet this standard. While the District is correct in arguing that Day's application was not well written, grammatically correct, or particularly

6

professional, Swanson indicated that he used these criteria to choose candidates for interviews, not as general requirements for a teaching position. *See* Ex. C to Def.'s Stmt. of Facts ¶ 3. The District does not dispute that Day had the necessary teaching credentials, had successfully completed a student teaching assignment in math, and had taught math in the past (albeit at a high school, not middle school, level). This is enough to satisfy the court that Day was qualified for the position.

Day, however, has not established that the position he applied for was filled by someone with similar or lesser qualifications. As noted, Day has not identified the individual who was hired for the position he sought with the District. While he has attached several applications of District hires, he acknowledged that he does not know these hires' relative experience and qualifications. This dooms Day's claim. *See Koszola* v. *Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004).

Even assuming Day could establish a *prima facie* case, his claim would fail. The District has offered a legitimate, nondiscriminatory reason for not hiring Day: that Day's application materials were below the quality expected of a teaching candidate. His application contained various grammatical and typographical errors and was not as comprehensive as the other applications that have been submitted to the court. Day cannot show that this reason is pretext for illegal race discrimination, as he has not even presented enough evidence to create a dispute over whether the District knew his race. Day speculates that the District knew he was African-American because certain colleges he attended, namely Olive Harvey College and Tennessee

State University,[6] are predominantly African-American and his address is in a predominantly African-American neighborhood. There is no admissible evidence, however, that the District knew these things or investigated the issue.[7] Further, Day's claim that "he [was] the better candidate for a vacancy constitutes nothing but [his] own opinion as to his qualifications." *Millbrook* v. *IBP, Inc.*, 280 F.3d 1169, 1181 (7th Cir. 2002). It does not sufficiently call into question the District's proffered reason for deciding not to interview him. *Id.* As the District did not know his race and Day has not shown that he was clearly better qualified for the position, it could not have unlawfully discriminated against him on that basis.[8] Summary judgment will be granted in the District's favor on Day's Title VII claim.

## III.    Section 1981 and 1983 Claims

Section 1981 prohibits, among other things, race discrimination that interferes with the making of a contract or the conditions of a contractual relationship. 42 U.S.C. § 1981. To prevail on a § 1981 claim, Day must establish that (1) he is a member of a racial minority, (2) the

---

[6] Day's online application does not mention Tennessee State University. In the material sent to Chippewa Middle School, his transcript from the University of Illinois includes credits transferred from Tennessee State University.

[7] Similarly, Day's belief that he answered a question about his race as part of the application does not support the fact that the District knew that he was African-American. The District has denied including such a question in its application materials. The court is not inclined to conclude that the District has submitted a fraudulently altered application based solely on Day's belief that such a question may have been included, a question that would have been unlawful under governing laws.

[8] For similar reasons, Day cannot establish a claim under a mixed motive theory. In order to proceed under such a theory, Day must present direct or circumstantial evidence of discrimination. *Grigsby*, 628 F.3d at 360. The District could then avoid a finding of liability by establishing that it would have made the same decision even if Day was not African-American. *Abioye* v. *Sundstrand Corp.*, 164 F.3d 364, 369 (7th Cir. 1998). As noted, the circumstantial evidence Day attempts to rely on is not sufficient to establish that the District knew of his race. Further, the evidence clearly establishes that the District would have decided not to interview him, even if aware of his race, based on the generally unimpressive application he submitted.

District intentionally discriminated against him on the basis of race, and (3) the discrimination related to the making of a contract. *Morris* v. *Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

Where a party's rights under the Constitution or federal law are violated by someone who is acting under color of state law, the party can enforce his rights against the violator through § 1983. 42 U.S.C. § 1983. Treating Day's § 1983 claim as an equal protection claim of disparate treatment based on membership in a protected class, he must establish that (1) he is a member of a protected class, (2) he was similarly situated to others not of the protected class, (3) he was treated differently from the similarly-situated individuals, and (4) the District acted with discriminatory intent. *Johnson* v. *City of Ft. Wayne*, 91 F.3d 922, 944–45 (7th Cir. 1996).

Further, in establishing that the District violated his rights under both § 1981 and § 1983, Day need prove that "(1) the [District] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [District] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) [Day's] constitutional injury was caused by a person with final policymaking authority." *McCormick*, 230 F.3d at 324.

As discussed above, there is no evidence in the record that the District knew that Day was African-American. Without such knowledge, the District cannot have intentionally discriminated against him. Day also has not presented any admissible evidence that would establish that the District had an express policy or widespread practice of discriminating against African-American applicants or that his injury was caused by someone in the District with final policymaking authority. While the District does have a low number of African-American

teachers, this fact alone is not enough to create a genuine issue as to whether such a policy or practice exists. The circumstantial evidence Day has provided to the court does not change this conclusion. Summary judgment will be granted for the District on Day's § 1981 and § 1983 claims.

## CONCLUSION AND ORDER

For the foregoing reasons, the District's motion for summary judgment [#82] is granted. The Clerk is directed to enter judgment for the District. This case is terminated.

Dated: August 11, 2011     Enter: _____
                                  JOAN HUMPHREY LEFKOW
                                  United States District Judge